**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

CARLOS TORRES,

    Plaintiff,

v.

LESA FLORIDA CORP.,
a Florida corporation, and
OUR HOME APARTMENTS CORP.,
a Florida corporation,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS TORRES ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, LESA FLORIDA CORP., ("LFC") and OUR HOME APARTMENTS CORP., ("OHA") (hereinafter collectively referred to as "Defendants"), on behalf of himself and all others similarly situated, and alleges as follows:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, LFC, was a Florida for profit corporation located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. LFC is headquartered and operates its principal location at 18800 NW 2nd Ave, Miami, FL, 33442.

4. Defendant, LFC, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, OHA, was a Florida for profit corporation located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. OHA is headquartered and operates its principal location at 1031 E 8th Ave, 220, Hialeah, FL, 33010.

6. Defendant, OHA, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

7. During all times material hereto, Defendants, OHA and LFC, were vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices of their companies.

8. During all times material hereto, Defendants OHA and LFC managed and supervised Plaintiff and the work he performed for Defendants.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant, LFC, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Defendant, OHA, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

13. Defendant, LFC, owns, manages and/or operates residential and/or commercial properties within Miami-Dade County.

14. Defendant, OHA, also owns, manages and/or operates residential and/or commercial properties within Miami-Dade County.

15. Defendants hired Plaintiff to perform maintenance and groundskeeping work on their properties located in Miami and Hialeah, Florida.

## FLSA COVERAGE

16. Defendant, LFC, is covered under the FLSA through enterprise coverage, as LFC was engaged in interstate commerce during Plaintiff's employment period. More specifically, LFC's business and Plaintiff's work for LFC affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, LFC, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

17. During his employment with LFC, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: lawn mowers, gardening tools, lawn fertilizers, garbage bags,

3

weed control treatments, mulch, pavers, soils, landscape fabrics, spades, shovels, planting tools, rakes, pitchforks, leaf blowers, garden hoes, pens, tape measures, pencils, paper, doors, hammers, saws, caulk, caulk guns, screwdrivers, drills, knives, wire strippers, safety glasses, etc.

18. Defendant, LFC, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as the goods and materials handled by Plaintiff, thus making Defendant, LFC an enterprise covered by the FLSA.

19. Upon information and belief, Defendant, LFC, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

20. Defendant, OHA, is covered under the FLSA through enterprise coverage, as OHA was engaged in interstate commerce during Plaintiff's employment period.  More specifically, OHA's business and Plaintiff's work for OHA affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, OHA, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

21. During his employment with OHA, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: lawn mowers, gardening tools, lawn fertilizers, garbage bags, weed control treatments, mulch, pavers, soils, landscape fabrics, spades, shovels, planting tools, rakes, pitchforks, leaf blowers, garden hoes, pens, tape measures, pencils, paper,

doors, hammers, saws, caulk, caulk guns, screwdrivers, drills, knives, wire strippers, safety glasses, etc.

22. Defendant, OHA, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as the goods and materials handled by Plaintiff, thus making Defendant, OHA an enterprise covered by the FLSA.

23. Upon information and belief, Defendant, OHA, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

24. During all time material hereto, Plaintiff was a non-exempt employee of Defendants, LFC and OHA within the meaning of the FLSA.

25. Moreover, the economic realities of Plaintiff's work for Defendants rendered Plaintiff an employee and not an independent contractor. Defendants provided Plaintiff equipment and tools to perform work, Defendants provided and required Plaintiff to wear a uniform, Defendants controlled and directed Plaintiff's work, Defendants set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendants for his employment and work and was not free to actively work elsewhere during the time periods that Defendants scheduled him to work.

**JOINT ENTERPRISE COVERAGE**

26. During all times material hereto, Defendants LFC and OHA performed substantially related activities, as both corporate entities focused their operation on providing residential and/or commercial property management to its customers and tenants.

27. Defendants, LFC and OHA used central management and/or common control to effectuate the business needs and goals of both entities.

28. Moreover, Defendants, LFC and OHA were engaged in offering substantially the same or similar property management services to their clients and tenants.

29. Defendants, LFC and OHA also shared a common business purpose during all times material hereto.

30. Defendant, LFC relied upon OHA's assistance in its operations and vice-versa.

31. Supervisors for LFC managed and supervised OHA employees, and vice-versa.

32. Upon information and belief, the gross revenue of Defendants, LFC and OHA, was collectively in excess of $500,000.00 in 2017, 2018, 2019, and are expected to collectively gross in excess of $500,000.00 in 2020.

33. Defendants, LFC and OHA intermingle resources, finances, employees and supplies to provide services to their tenants.

34. One of Plaintiff's supervisors – Sonia Castillo - performs management and human resources duties for both LFC and OHA, and directed and controlled Plaintiff's work during the relevant time period.

35. On their respective Sunbiz webpages, Defendants, LFC and OHA both identify 1031 E. 8th Ave, 209, Hialeah, FL, 33010 as their mailing address.  LFC and OHA operate together out of this shared address in furtherance of their joint enterprise.

36. Moreover, the same individual, Leopoldo Sayegh, has common ownership and control over the Corporate Defendants.

37. More specifically, Leopoldo Sayegh is the Director of both Corporate Defendants.

38. Maria Franco De Sayegh and Elias Sayegh are also Directors of both Corporate Defendants.

39. During all times relevant hereto, Defendants, LFC and OHA, maintained control over the day-to-day operations of LFC and OHA, including the payroll, human resources, hiring, firing, and scheduling duties.

## **PLAINTIFF'S WORK FOR DEFENDANTS**

40. Plaintiff worked for Defendants from on or about October 1, 2019 until on or about April 3, 2020.

41. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a handyman and groundskeeper.

42. Plaintiff worked an average of fifty (50) hours per week for Defendants.

43. Defendants paid Plaintiff $560.00 per week, regardless of the number of hours he worked.

44. During weeks in which Plaintiff worked more than forty (40) hours, Defendants violated the FLSA by failing to pay Plaintiff time-and-one-half his regular hourly rate for all hours worked above forty (40).

45. During all times material hereto, Defendants were expressly or constructively aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

46. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorneys' fees and costs incurred in the prosecution of these claims.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS –** *29 U.S.C. § 207*
**(Against All Defendants)**

47. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 46 as though set forth fully herein.

48. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

49. During Plaintiff's employment period, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for any hours worked in excess of forty (40) in any workweek.

50. Plaintiff claims the half-time rate for each hour worked in excess of forty (40) per week during his employment period.

51. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

52. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

53. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

54. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

55. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CARLOS TORRES, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, LESA FLORIDA CORP., and OUR HOME APARTMENTS CORP., and award Plaintiff: (a) unliquidated damages to be paid by the

Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CARLOS TORRES, requests and demands a trial by jury on all appropriate claims.

**Dated this 8th day of May 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Carlos Torres*

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 8, 2020.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: