UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:20-21942-CIV-UU

CARLOS TORRES,

    Plaintiff,

  v.

LESA FLORIDA CORP.,
a Florida corporation, and
OUR HOME APARTMENTS CORP.,
a Florida corporation, and
SAYEGH & SONS, CORP.,
a Florida corporation,

    Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF DEFENDANTS' OFFER OF JUDGMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff, CARLOS TORRES ("Plaintiff"), and Defendants, LESA FLORIDA CORP., OUR HOME APARTMENTS CORP., and SAYEGH & SONS, CORP., (collectively "Defendants") (Plaintiff and Defendants are hereinafter referred to as "the Parties"), by and through their respective undersigned counsel, file their Joint Motion for Court Approval of Defendants' Offer of Judgment and For Order of Dismissal with Prejudice, as follows:

**I.    FACTUAL BACKGROUND**

Plaintiff filed his Complaint against Defendants, LESA FLORIDA CORP. and OUR HOME APARTMENTS, CORP. on May 8, 2020. *D.E. 1*. Plaintiff amended his Complaint on June 19, 2020 to add SAYEGH & SONS, CORP. as a Defendant. The Amended Complaint alleges (1) count against all Defendants for federal overtime violations under the Fair Labor Standards Act ("FLSA"). *D.E. 17*. Plaintiff alleges that the overtime violations occurred because Defendants

misclassified Plaintiff as an independent contractor. *Id.* On July 1, 2020, Defendants served Plaintiff with a Rule 68 Offer of Judgment and tendered Plaintiff $500.00 in unpaid wages, plus $2,700.00 in attorneys' fees. Plaintiff accepted the Offer of Judgment and filed a Notice of Acceptance on July 2, 2020. *D.E. 25*. On July 14, 2020, this Honorable Court entered an order denying the Parties' Joint Notice of Acceptance of Defendants' Offer of Judgment, requiring the Parties to submit a Motion for Approval. *D.E. 28*. This motion followed.

Defendants deny that Plaintiff was an employee and also deny that Plaintiff ever worked more than forty (40) hours in any workweek. Plaintiff, on the other hand, estimates that he is owed $1,430.00 in unliquidated damages from his brief working relationship with Defendants. *See D.E. 19*. However, in an effort to avoid costs associated with further litigating the issue, Defendants tendered an offer of judgment[1] to Plaintiff in an amount that they believe is more than Plaintiff will ever be able to prove he is owed if the case were to proceed to trial. In light of the inherent risks in litigation and additional issues created by the COVID-19 pandemic, Plaintiff decided to accept Defendants' offer of judgment. The Parties respectfully request that this Honorable Court approve Defendants' Offer of Judgment, which was already accepted by Plaintiff, and find that the Offer of Judgment is a fair and reasonable resolution of Plaintiff's disputed FLSA claim.

II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so

---

[1] The offer of judgment tenders attorneys' fees and costs separate from Plaintiff's unpaid wages.

little damage was suffered that waiver of liquidated damages is called for"). Employees have only two ways to settle or compromise back wages claims arising under the FLSA. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.* The Court is not relieved of its duty to review an Offer of Judgment in FLSA cases. *See* Dowell v. Kidz R 4 UZ, Inc., 2009 WL 113284 at *2 (M.D. Fla. Jan. 16, 2009).

When employees bring a private action for back wages under the FLSA, and they present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See, e.g.,* Gutierrez v. Coco Baleadas Corp., 2018 WL 6573131 at *1 (S.D. Fla. Aug. 30, 2018) (Ungaro. J.) (holding that the FLSA settlement agreement was fair and reasonable when the Plaintiff received $520.00 and his counsel received $2,000.00, because attorneys' fees were negotiated separately from Plaintiff's settlement, and because the Parties provided the Court with a comprehensive explanation of their division of fees); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012)(Brannon. J) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000);

Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway, J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of Settlement Agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs and where Plaintiff received $10,000 for unpaid wages and liquidated damages). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the offer of judgment constitutes a fair and reasonable resolution of the FLSA claims asserted in this case. Defendants dispute that there is coverage in this case and dispute that Plaintiff was their employee. The Offer of Judgment tenders attorneys' fees and costs separately from Plaintiff's award of unpaid wages.[2] *See, e.g.,* Huertas v. Competitive Edge Group, Inc., et. al., M.D. Fla. Case No. 6:19-cv-915-CEM-GJK (Attorney's fees deemed reasonable in light of firm's detailed time records and the fact that fees were negotiated separately from plaintiff's recovery); *see also* Anderson v. AE Outfitters Retail Co., 2016 WL

---

[2] According to Plaintiff's counsel's internal calculations, counsel for Plaintiff incurred more than five thousand ($5,000.00) dollars prosecuting Plaintiff's claims. Counsel for Plaintiff agreed to accept a total of two thousand seven hundred ($2,700.00) dollars in attorneys' fees and costs because of Plaintiff's desire to accept Defendants' offer of judgment.

4

6705199 at *1 (S.D. Fla. Feb. 11, 2016) (Rosenberg, J.) (Judge Rosenberg requiring counsel to submit lodestar to review fairness of attorneys' fees).  Here, counsel for Plaintiff agreed to accept nearly 50% less than the fee amount reflected in Plaintiff' counsel's lodestar because of Plaintiff's desire to accept Defendants' Offer of Judgment.  *Exhibit "A;" Exhibit "B;" Exhibit "C."*  Plaintiff's counsel has attached declarations from Mr. Richards, Mr. Blumstein and Ms. Petrosino with their accompanying lodestars.  *Exhibit "A;" Exhibit "B;" Exhibit "C."*  The hourly rates billed by Plaintiff's counsel have been previously approved by numerous courts in the Southern District of Florida.  *See, e.g.,* Jiminez v. Alpine Towing, *S.D. Fla. Case No. 1:19-cv-21643-KMM* (Judge Moore approved Mr. Richards at $350/hour and associate attorney at $225/hour in FLSA case); Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case No. 0:19-cv-61068-KMM* (Mr. Richards approved at $350/hour and associate attorney approved at $225/hour in FLSA case); Conrey v. Bagel Way Kosher Way, *S.D. Fla. Case No. 1:18-cv-22795-DPG* (Mr. Richards approved at $400/hour in FLSA case); Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM* (Judge Middlebrooks approved Mr. Richards at $350/hour and acknowledged that this is imminently reasonable because other courts have approved him at $400/hour and approved associate attorney at $225/hour based on her experience).  Because there is no settlement agreement in this case, there are no confidentiality or general release provisions that violate public policy or the spirit of the FLSA.  Furthermore, Defendants dispute that Plaintiff was an employee or that Plaintiff even worked overtime. In light of the contested issues in this case, the Offer of Judgment represents a fair and reasonable resolution of this matter.

    **III.**    **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully request that this Honorable Court approve the FLSA Offer of Judgment, dismiss the case with prejudice, and retain jurisdiction over enforcement of the Offer of Judgment for up to ninety (90) days.

Respectfully Submitted,

| | |
|---|---|
| **MINERLEY FEIN, P.A.** | **USA EMPLOYMENT LAWYERS** |
| *Counsel for Defendants* | **JORDAN RICHARDS, PLLC** |
| 1200 N. Federal Highway, Suite 420 | *Counsel for Plaintiff* |
| Boca Raton, FL, 33432 | 805 E. Broward Blvd. Suite 301 |
| Tel: (561) 362-6699 | Fort Lauderdale, Florida 33301 |
| | Telephone: (954) 871-0050 |
| */s/Meghan Miller, Esq.* | By:/s/ *Jake Blumstein, Esq.* |
| **KENNETH L. MINERLEY, ESQ.** | **JORDAN RICHARDS, ESQ.** |
| Fla. Bar No. 521840 | Fla. Bar No. 108372 |
| *ken@minerleyfein.com* | **MELISSA SCOTT, ESQ.** |
| **MEGHAN MILLER, ESQ.** | Fla. Bar No. 1010123 |
| Fla. Bar No. 1003898 | **JAKE BLUMSTEIN, ESQ.** |
| *meghan@minerleyfein.com* | Florida Bar No. 1017746 |
| *jackson@minerleyfein.com* | *jordan@jordanrichardspllc.com* |
| *fileclerk@minerleyfein.com* | *melissa@jordanrichardspllc.com* |
| *litigation@minerleyfein.com* | *jake@jordanrichardspllc.com* |