UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-21942-UU

CARLOS TORRES,

    Plaintiff,

v.

LESA FLORIDA CORP., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion for Court Approval of Defendants' Offer of Judgment and for Order of Dismissal With Prejudice (the "Motion"). D.E. 29. The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised on the premises.

"While entry of a Rule 68 judgment is ordinarily ministerial rather than discretionary, this general statement is too broad to encompass all instances in which Rule 68 offers are made." *Molina v. SMI Security Mgmt., Inc.*, No. 11-24245-CIV, 2012 WL 12864928, at *1 (S.D. Fla. Dec. 21, 2012) (citing *Utility Automation 2000, Inc. v. Choctawatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1250 (11th Cir. 2002) (Marcus, J., concurring) (internal quotation marks omitted). "The Court has as independent duty to review the terms of a settlement offer in the context of suits brought by employees for violations of the FLSA," and it must "determine whether any settlement is a 'fair and reasonable resolution of a bona fide dispute' of the FLSA issues." *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)). A party's acceptance of a "Rule 68 offer of judgment in an FLSA case does not relieve [the court] of the duty to make

the fairness finding required by *Lynn's Food Stores, Inc.*"  *Dowell v. Kidz R 4 UZ, Inc.*, No. 08-CV-651, 2009 WL 113284, at *2 (M.D. Fla. Jan. 16, 2009).

On July 9, 2020, the parties filed a Notice of Plaintiff's Acceptance of Rule 68 Offer of Judgment and Request for Court Approval for Entry of Judgment.  D.E. 26.  The Court found that the division of the offered judgment was unreasonable because the majority of the funds were to be paid to Plaintiff's counsel, and Plaintiff's counsel failed to provide any documentation indicating that the compromise was reasonable and/or that such an amount of attorneys' fees was justified.

In the instant Motion, the parties explain that the offer of judgment is fair and reasonable because "Defendants dispute that there is coverage in this case and dispute that Plaintiff was their employee."  D.E. 29.  Further, the offer of judgment "tenders attorneys' fees and costs separately from Plaintiff's award of unpaid wages."  *Id*.  Moreover, the parties state that "counsel for Plaintiff agreed to accept nearly 50% less than the fee amount reflected in Plaintiff counsel's lodestar because of Plaintiff's desire to accept Defendants' Offer of Judgment."  *Id.*  The Court has reviewed Plaintiff's attorneys' declarations and time records and finds the settlement to be a fair and reasonable compromise of the instant action.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 29) is GRANTED.  Judgment is hereby entered against Defendants, and this case is DISMISSED WITH PREJUDICE.  The Court will retain jurisdiction to enforce the offer of judgment until **October 16, 2020**.  It is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case.  All future hearings and deadlines are CANCELLED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami, Florida, this _17th_ day of July, 2020.

_/s/ Ursula Ungaro_

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record